ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| IVIS I. RUBERO PADILLA<br><br>Recurrida<br><br>v.<br><br>VERTICAL BRIDGE TOWERS, LLC Y OTROS<br><br>Demandados<br><br>PUERTO RICO TELEPHONE COMPANY H/N/C CLARO DE PUERTO RICO<br><br>Peticionario | TA2025CE00367 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2020CV02543 (403)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Marrero Guerrero y el Juez Campos Pérez.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

El 28 de agosto de 2025, Puerto Rico Telephone Company h/n/c Claro de Puerto Rico (la "Corporación") presentó este recurso discrecional de *certiorari*, con el fin de que revisemos una Resolución del Tribunal de Primera Instancia ("TPI"), notificada el 30 de mayo de 2025 (la "Resolución"), mediante la cual se denegó, en lo pertinente, una moción de sentencia sumaria presentada por dicha parte (la "Moción"). Los antecedentes procesales y fácticos de este caso se consignan en nuestra Resolución de 23 de enero de 2024 (KLCE202301261).

A través de la Resolución, el TPI determinó que existían 28 hechos incontrovertidos; a su vez, consignó que existían 26 hechos

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron los correspondientes recursos anteriores (KLCE202301261 y TA2025CE00353).

en controversia. Entre los hechos, sobre los cuales el TPI apreció que existía controversia, se encuentran, en lo pertinente, los siguientes (énfasis suplido):

(1) Si la causa del presunto daño sufrido por la propiedad de la demandante fue **la ubicación de la torre de telecomunicaciones sobre la propiedad** o el Huracán María.

(2) Si la caída de las antenas de Claro sobre la propiedad de la demandante era previsible y evitable.

(3) Si el Huracán María y sus efectos, para propósitos de la presente demanda es un caso fortuito o fuerza mayor.

(4) La altura exacta de la torre.

(5) **La ubicación exacta de la torre con respecto a la propiedad de la demandante y si la misma es conforme a la ley**.

(6) Si al momento de los hechos la zona donde se encuentra ubicada la torre estaba clasificada como una comercial, residencial o mixta.

(7) La localización exacta y linderos de las propiedades colindantes a la torre incluyendo la de la demandante conforme a las certificaciones registrales pertinentes.

(8) Si la parte demandada tomó las medidas o precauciones pertinentes respecto a la torre y sus antenas para prevenir daños que pudiera causar un fenómeno atmosférico.

(9) Si la parte demandada le daban el mantenimiento requerido a la torre y sus antenas.

.....

Mientras tanto, en su parte dispositiva, el TPI razonó y determinó que:

De una lectura de las solicitudes de sentencia sumaria ante nos observamos que algunas de sus propuestas de hechos eran impertinentes en cuanto a los hechos medulares del presente caso sostenidos en la demanda, no estaban apoyadas por prueba contundente o entraban en conflicto con disposiciones evidenciarias por lo que fueron descartadas por este foro. También nos percatamos que las partes en sus oposiciones no realizaron un esfuerzo convincente en controvertir algunos de los hechos que estaban propuestos en las solicitudes de sentencia sumaria ante nuestra consideración como tampoco analizaron con mayor detalle y profundidad hechos que establecieran con claridad y en base a pruebas por qué procedía lo solicitado en sus mociones dispositivas.

...

Debido a estas circunstancias y a las controversias de hechos existentes en el caso, los argumentos de las partes y la complejidad de la demanda entendemos que el mejor curso de acción para el presente caso es que el mismo deba examinarse con mayor integridad en un juicio en su fondo y no determinarse mediante

> sentencia sumaria tal como lo expusimos en la Resolución del 12 de octubre de 2023.
> …
> Es por esa razón que nos reafirmamos en la importancia de la celebración de un juicio en su fondo donde las partes puedan examinar la prueba presentada, las declaraciones de sus testigos, así como contrainterrogar y confrontar dicha prueba para que así el tribunal pueda en su día a la mejor determinación del presente caso conforme al derecho aplicable. La urgencia de celebrarse un juicio en su fondo en este caso cobra mayor pertinencia cuando dado a los argumentos de las partes y los hechos alegado en la demanda va ser necesaria la apreciación en sala de prueba pericial debido a que las alegaciones de las partes envuelven aspectos o cuestiones técnicas.

El 16 de junio (lunes), tanto la Corporación, como la parte demandante, solicitaron al TPI la reconsideración de la Resolución; ambas mociones fueron denegadas por el TPI mediante un dictamen notificado el 31 de julio.

En su petición, la Corporación arguye que no hay controversia sobre el hecho de que la caída de una torre de comunicaciones durante el paso del huracán María no obedeció a que dicha torre faltara a algún código de construcción, pues, supuestamente está incontrovertido que, durante el huracán, (i) hubo "vientos sostenidos de más de 150 millas por hora"; y (ii) la torre "**no necesariamente resistiría**" dichos vientos, aun de haber sido construida de conformidad con cualquiera de los códigos de construcción que pudiesen entenderse aplicables. Planteó que, "aun bajo los parámetros del Código de Construcción de 2011", a la torre en controversia "solo se le hubiera requerido resistir ráfagas de vientos continuas por tres segundos con velocidad de 145 millas por hora."

Evaluada la petición de *certiorari*, sus anejos y el expediente del caso ante el TPI, y prescindiendo de la comparecencia de la parte recurrida[2], disponemos.

---

[2] *Véase*, Regla 7(B)(5) del Reglamento de este Tribunal, que nos permite prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del TPI, salvo en "un craso abuso de

---

lograr su más justo y eficiente despacho. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ____ (2025).

discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

Evaluada la petición de *certiorari,* así como el tracto procesal del caso ante TPI, a la luz del derecho aplicable, concluimos que la Corporación no logró establecer que el TPI hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. En cuanto a este último asunto, tampoco concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari*.

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari.*

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones